■ In the Matter of JACK CHASIN et al., as Trustees of the Yetta Chasin Trust and the Lois Edelson Trust, Appellants, v PAYNE, WOOD & LITTLEJOHN, Respondent.—In a purported class action to recover allegedly excessive attorney's fees paid to the defendant, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Molloy, J.), entered October 13, 1987, which granted the defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action.

Ordered that the order is affirmed, with costs.

Upon approval of a commercial mortgage loan application by Roslyn Savings Bank, the plaintiffs mortgagors were presented with a written mortgage commitment which indicated that they were required to pay the bank's legal fees for services relating to the mortgage transactions as a condition of the loan. The commitment, however, did not specify the amount of the attorney's fees to be charged. It provided that the commitment fee was nonrefundable and that it must be paid within seven days of receipt of the written commitment.

At the mortgage closing in question the defendant law firm, which represented Roslyn Savings Bank, presented the plaintiffs with a bill for legal services in the amount of about one half of 1% of the principal sum borrowed.

The plaintiffs were informed that the closing would not proceed unless payment of the attorney's fees was made at that time. The plaintiffs tendered payment to the defendant law firm under protest on the ground that the fees were unreasonable. Thereafter, the plaintiffs commenced an action to recover the difference between the amount they paid to the defendant and the reasonable cost of the legal services rendered by the defendant.

We find that the Supreme Court properly granted the defendant's motion to dismiss the complaint for failure to state a cause of action (see, CPLR 3211 [a] [7]). The agreement to pay the attorney's fees was between the plaintiffs and the Roslyn Savings Bank and accordingly no contractual relationship existed between the plaintiffs and the defendant law firm.

We note that upon receipt of the commitment letter, which apprised the plaintiffs of their obligation to pay attorney's fees, the plaintiffs could have elected not to continue with the mortgage transaction. Bracken, J. P., Lawrence, Weinstein and Balletta, JJ., concur.